█ Joseph E. Audet, Respondent, v. New York Central Railroad Company, Appellant.— Appeal by defendant from a jury verdict in an action brought pursuant to the Federal Employers' Liability Act. The jury returned a verdict in favor of the plaintiff of $175,000 and made a further finding that the plaintiff was 30% negligent, reducing the verdict to $122,500. Plaintiff contended the defendant was negligent due to one of its employees signaling the operation of the train while plaintiff was coupling the cars together; that certain rules of the railroad were violated and that the plaintiff, who was in charge of the crew, was not furnished with the amount of help necessary for such switching operations and that the yard limits had been enlarged without knowledge of the plaintiff, all of which allegations were denied by the defendant. On December 11, 1956, at approximately 2:50 A.M., the plaintiff was in charge of a crew engaged in a switching operation at Ludlow Junction in the State of Massachusetts. The operation briefly consisted of switching onto a siding, dropping some freight cars and then switching to another track — part of the same siding — to pick up additional cars. Plaintiff contends that he advised one of the crew members of his intention to couple the cars and that he negligently allowed the engine to back into the cars, knowing that plaintiff was in the act of coupling them, as the result of which plaintiff received injuries which eventually resulted in the amputation of his left leg. There was also testimony introduced with reference to the other allegations of negligence as alleged by the plaintiff and we are satisfied from an examination of the testimony that factual issues as to the negligence of the defendant and the contributory negligence of the plaintiff were properly submitted to the jury. Likewise the charge of the court in this respect was in detail and without exception on behalf of the defendant. The various requests to charge were granted by the court and in some instances in more detail than asked by the defendant. That the

jury sufficiently understood the instructions of the court and followed them in detail is exemplified in the mathematical manner in which they assessed the original damages and made the deductions for the negligence they found on the part of the plaintiff. The defendant further contends that it was deprived of a fair trial because of prejudicial remarks made by the attorney for the plaintiff during his summation. These remarks when taken out of context and on first impression would appear to be prejudicial but a reading of the summation in its entirety convinces us that while better not said, they were not of sufficient magnitude to require a new trial and primarily concerned the question of damages. This plaintiff lost a leg and the jury knew what limitations were consequential so that comments by counsel as to his selling pencils and ability to attend at the Yankee Stadium are of no great consequence. The inference indulged in on summation as to the children of the plaintiff and their possible dependence was improper. However, one of the defendant's exhibits gave the name and age of each child — which the jury could examine — and upon request to the court, would have been directed to their attention. The verdict is excessive. Here the plaintiff received a serious injury and for some time remained in a hospital before it became necessary to amputate his leg. The doctor testified that considering the seriousness of the injury, the amount of pain was "minimal" during his time in the hospital and following the operation. The plaintiff, 53 years of age, was ambulatory on the 13th of January when he left the hospital, a matter of one month following the accident. The doctor testified that he saw him on occasions thereafter for the purpose of examining his pelvis for possible "tilting" and to observe his ability to use the prosthesis. He found him reasonably agile and making excellent progress. A progress report, dated April 12, 1957, and part of defendant's exhibits contained the following information: "His plans are to do electrical appliance repairing. He has done this in the past on a part time basis and is looking forward to doing it full time." He was last seen in March, 1958. All of his expenses were paid by the defendant. He testified that he was earning $7,600 a year and while he could retire at 65, it was not compulsory. Evaluating all of these factors, we are convinced that the verdict was excessive and that it should be reduced to $115,000 less 30%, which the jury found represented the percentage of negligence attributable to the plaintiff, making the reduced amount to which the plaintiff is entitled of $80,500. Judgment and order reversed on the law and the facts and a new trial ordered, with costs to the appellant to abide the event, unless within 20 days after the entry of the order herein, respondent stipulates to reduce the verdict to $80,500 in which event the judgment as so reduced and the order are affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.